## MISSOURI PACIFIC RAILWAY COMPANY *v.* FITZ-GERALD.

ERROR TO THE SUPREME COURT OF THE STATE OF NEBRASKA.

No. 627. Submitted December 9, 1895. — Decided January 13, 1896.

The decision of the Supreme Court of Nebraska that the Missouri Pacific company could not maintain its claim for damages because its possession had not been disturbed or its title questioned, involved no Federal question; and where a decision of a state court thus rests on independent ground, not involving a Federal question, and broad enough to maintain the judgment, the writ of error will be dismissed by this court, without considering any Federal question that may also have been presented.

In deciding adversely to the claim of the plaintiff in error that by reason of the process of garnishment in attachment against the Missouri Pacific company, in the action removed to the Circuit Court from the state court, the Circuit Court acquired exclusive jurisdiction over the moneys due the Construction company from the Pacific company, the Supreme Court of Nebraska did not so pass upon a Federal question as to furnish ground for the interposition of this court.

In appointing a receiver of the Construction company to collect the amount of the decree against the Missouri Pacific company, the Supreme Court of Nebraska denied no Federal right of the Missouri Pacific company.

When a party to an action in a state court moves there for its removal to the Circuit Court of the United States, and the motion is denied, and the party nevertheless files the record in the Circuit Court, and the Circuit Court proceeds to final hearing, (the state court meanwhile suspending all action,) and remands the case to the state court, the order refusing the removal worked no prejudice, and the error, in that regard, if any, was immaterial.

An order of the Circuit Court remanding a cause cannot be reviewed in this court by any direct proceeding for that purpose.

If a state court proceeds to judgment in a cause notwithstanding an application for removal, its ruling in retaining the case will be reviewable here after final judgment under Rev. Stat. § 709.

If a case be removed to the Circuit Court and a motion to remand be made and denied, then after final judgment the action of the Circuit Court in refusing to remand may be reviewed here on error or appeal.

If the Circuit Court and the state court go to judgment, respectively, each judgment is open to revision in the appropriate mode.

If the Circuit Court remands a cause and the state court thereupon proceeds to final judgment, the action of the Circuit Court is not reviewable on writ of error to such judgment.

A state court cannot be held to have decided against a Federal right when it is the Circuit Court, and not the state court, which has denied its possession.

THIS was a petition filed December 24, 1888, in the District Court for Lancaster County, Nebraska, by John Fitzgerald, suing on behalf of himself and all other stockholders of the Fitzgerald and Mallory Construction Company against that company and the Missouri Pacific Railway Company, a corporation organized under the laws of Missouri, Kansas, and Nebraska. The petition was based on two contracts, (copies of which were annexed,) one bearing date April 28, 1886, between the Fitzgerald and Mallory Construction Company and the Denver, Memphis and Atlantic Railway Company, a corpora-

tion organized under the laws of the State of Kansas. By this contract the Construction company agreed to build a railroad in Kansas from the east to the west line of that State; to furnish all materials and money; to equip the same with at least one thousand dollars of rolling stock per mile; to grade the line according to the engineer's surveys; to furnish oak ties on curves not less than 2600 to the mile, and steel rails not less than twenty-six pounds to the yard; to build such depot and stations as the Denver company should require, and all necessary sidings or turnouts, and, generally, to construct the road equal to railroads then being built in Southern Kansas. The Denver company agreed to pay $16,000 per mile of its full paid capital stock for every mile of completed road constructed, and $16,000 in its first mortgage bonds per mile of single track of the road, which bonds were each to be for one thousand dollars, or such other denomination as the parties should agree upon; draw interest at six per cent; be dated July 1, 1886; run thirty years from date; and be secured by a trust deed on the line and branches. They were to be delivered as the Construction company required them. The Denver company was also to deliver to the Construction company all municipal and county bonds voted and to be voted in aid of the railroad, and all donations thereto, and procure the right of way in advance of the work, so as not to delay the construction, but the Construction company was to pay for the right of way.

The other contract, dated May 4, 1886, was between the Missouri Pacific Railway Company and the Construction company. It recited the contract of April 28, and also that the Missouri Pacific company desired to obtain control of the railway. The Construction company agreed to sell to the Missouri Pacific company all the securities which it should receive under the first contract, for which the Missouri Pacific company was to deliver to it five per cent bonds at the rate of $12,000 per mile of completed road. The Missouri Pacific company also agreed to transport at cost the men and material of the Construction company while it was carrying on the work.

The petition alleged that the Construction company was a

corporation of Iowa, having a capital of a million and a half, divided into shares of one hundred dollars each, of which Fitzgerald held fifteen hundred, S. H. Mallory fifteen hundred, and Gould and other citizens of New York something over ten thousand; that the holders of over eight thousand shares were officers and directors of the Missouri Pacific company; and that the bankers of the latter company held two thousand shares. It was further alleged that shortly after the execution of the two contracts, all the directors of the Denver company, except Fitzgerald and Mallory, resigned, and their places were filled by officers and directors of the Missouri Pacific company; that the directory of the Construction company was changed so that of its five directors three were connected with the Missouri Pacific company, Fitzgerald and Mallory being the other two. The work in the field was carried on by Fitzgerald and Mallory, and the financial dealings of the Denver and the Construction companies were in the hands of the New York directors. Fitzgerald complained of many transactions of the New York directors of the Construction company which were prejudicial to himself and other creditors and stockholders and in the interest of the Missouri Pacific company.

The road was built by the Construction company, and Fitzgerald alleged that, after that was accomplished, he made efforts to secure an accounting between the Missouri Pacific and the Construction companies, which were unsuccessful, and he brought the suit as a stockholder for the purpose of settling the dealings between the two companies.

The petition also averred that the Denver company failed to comply with the provisions of the contract in reference to procuring the right of way to the damage of the Construction company, for which it charged that the Missouri Pacific company was liable.

It was also alleged that the Construction company not only owed Fitzgerald individually a large amount of money, but for money expended in the bringing of this as well as other suits, for attorneys' fees, and other like matters, for which he asked reimbursement.

The prayer of the petition was that an accounting be had between the Missouri Pacific company and the Construction company; that certain action of the board of directors and arrangements. between the Missouri Pacific company and the Construction company be declared null and void; that the Missouri Pacific company be compelled to account in relation to certain enumerated matters and generally, and pay over all moneys found due to the Construction company; also that complainant " be reimbursed for all expenses and attorneys' fees in other suits that he has been forced by the action of said directors to commence, as well as in this case; " and for general relief.

The answer of the Missouri Pacific company was filed January 19, 1889, and admitted that defendant was a corporation duly organized under the laws of Missouri, Kansas, and Nebraska; but averred that the liability proceeded on, if any, was a liability of the company incorporated under the laws of the State of Kansas. It charged that while the contract between the Denver and Construction companies required the Denver company to acquire the right of way, the Construction company undertook to procure it, and became responsible to the Missouri Pacific company for a good title; that some fifteen or more miles of the railroad were built over the public lands without complying with the act of Congress of March 3, 1875, granting to railroads the right of way through the public lands, so that for that distance of road the Missouri Pacific company did not acquire such title as it was entitled to, and it claimed that if there should be an accounting between the Construction company and itself, it should not be required to pay or account for any portion of the line where the lawful right of way had not been secured, and that a deduction of twelve thousand dollars per mile of railroad so situated should be made. The answer further alleged that Fitzgerald had theretofore commenced suit in the District Court of Lancaster County, Nebraska, against the Construction company to recover a sum exceeding fifty thousand dollars and caused garnishee proceedings to be instituted against the Missouri Pacific company, upon which it was required to an-

swer as to all moneys in its hands or under its control belonging to the Construction company or due from the Missouri Pacific company thereto, but that it had no interest in Fitzgerald's individual claim or knowledge concerning the merits thereof. Various other admissions, denials, and averments were made in the answer upon the merits, which it is unnecessary to set forth. The Construction company filed a demurrer to the petition.

On the same day, January 19, 1889, the Missouri Pacific company filed its petition to remove the cause to the Circuit Court of the United States for the District of Nebraska on two grounds, diverse citizenship and the question raised by the claim of the Missouri Pacific company in respect of part of the road constructed over the public lands. It appeared from the pleadings that Fitzgerald was a citizen of Nebraska, and that the Construction company was a corporation of Iowa; that the Missouri Pacific company was a corporation organized under the laws of Kansas, Missouri, and Nebraska; but in its answer, as already stated, the Missouri Pacific company claimed that it was not the corporation referred to in the petition, and that the liabilities arising under the contract were liabilities of the company organized and existing under the laws of Kansas. The Construction company also filed a petition for removal.

The District Court denied the petitions and refused to accept the bonds. The Missouri Pacific company, however, filed the record in the Circuit Court of the United States and Fitzgerald filed a motion to remand and a plea to the jurisdiction, which motion was denied and the plea overruled, and the cause was referred to a special master to take proofs.

May 6, 1891, the cause came on to be heard upon the pleadings, proofs, and the report of the master, and the Circuit Court held that the cause had been improperly removed from the state court, and ordered it remanded at the costs of the Missouri Pacific company. The reasons for this conclusion are given in an opinion reported 45 Fed. Rep. 812. The cause having been returned to the District Court of the State, the parties entered into a stipulation that the action be con-

tinued to the next September term then to be tried, and that the depositions taken in the Circuit Court might be read as if taken in the state court. An amended petition and an amended and supplemental answer were filed. Trial was had as agreed in the District Court of Lancaster County, which made a finding of facts, and rendered judgment against the Missouri Pacific company.

The forty-seventh finding of fact was as follows: "(47) That about fifteen miles of railroad was laid out over government land; that no maps were filed with the Secretary of the Interior showing the lines of way over said government land in the State of Kansas, but maps were filed with the local land officers of the United States at Wa Keeney, Kansas, duly certified to, showing said right of way.".

Both parties appealed to the Supreme Court of the State, and that court rendered a judgment against the Missouri Pacific company. 41 Nebraska, 374. The Missouri Pacific company made application for a rehearing, pending which Fitzgerald died, and Mary Fitzgerald, as his administratrix, filed her petition for revivor and for a receiver of the Construction company to collect the judgment. In support of the application for a receiver, it was alleged that about the time Fitzgerald recovered judgment, the Missouri Pacific company caused a suit to be brought against the Construction company in the name of the Kansas and Colorado Pacific Railway Company, which was owned by the Missouri Pacific company, and it was charged on various grounds that the action was collusive and contrived to deprive the Supreme Court of the State of its jurisdiction, and Fitzgerald of the fruits of its judgment, and that a receiver had been procured to be appointed by the Circuit Court in that action in furtherance of that object.

The Missouri Pacific company filed an answer and plea to this petition, denying collusion and urging objections to the application for a receiver in this case, which, so far as necessary, are hereafter stated. A reply was filed by Mrs. Fitzgerald to this answer and plea. The Supreme Court, having granted a rehearing, entered an order of revivor, rendered judgment

against the Missouri Pacific company, and appointed a receiver. 62 N. W. Rep. 899. The pending writ of error was then sued out, and a motion to dismiss the writ for want of jurisdiction or to affirm the judgment was made.

The following are the errors assigned:

"1. The court erred in taking or assuming any jurisdiction and in holding that it had any jurisdiction of this cause forasmuch as it appeared by the record that the defendant, the Missouri Pacific Railway Company, duly and seasonably and as within the time provided by the act of Congress, filed and presented its petition and bond for removal of said cause to the United States Circuit Court for the proper district, to wit, the United States Circuit Court for the District of Nebraska, on the ground that in said suit there was a controversy wholly between citizens of different States, removable under said act to said United States Circuit Court for the District of Nebraska, which said bond was refused, and which said petition was denied, the defendant at the time duly excepting to such refusal and denial.

"2. The said court erred in taking or assuming any jurisdiction and in holding that it had any jurisdiction of this cause, forasmuch as in and by its said petition for removal of this cause to the United States Circuit Court for the District of Nebraska, the said Missouri Pacific Railway Company set up and claimed a right, claim, privilege, immunity and authority under an act of Congress approved March 3, 1875, entitled 'An act granting the railroads the right of way through public lands of the United States,' and by reason of said act of Congress claimed that said cause arose under the laws of the United States, which said claim and petition of said defendant were erroneously overruled by said District Court of Lancaster County, Nebraska, and by said Supreme Court of Nebraska.

"3. The said Supreme Court of the State of Nebraska erred in taking or assuming jurisdiction or in holding that it had jurisdiction of this cause, forasmuch as it appeared by the record in said cause that the defendant, the Missouri Pacific Railway Company, was, at the time when said cause was com-

menced, a citizen, resident, and inhabitant, of the State of Missouri, within the meaning of the acts of Congress of the United States relating to the jurisdiction of the Federal courts, and the plaintiff, John Fitzgerald, was a citizen, resident, and inhabitant, of the State of Nebraska, but his said action was to enforce a cause of action as a stockholder of and for the benefit of the defendant, the Fitzgerald and Mallory Construction Company, which was at said time a citizen, resident, and inhabitant, of the State of Iowa, within the meaning of said acts of Congress, and the controversy was therefore a controversy between citizens of different States within the meaning of the said acts of Congress relating to removal of causes. It further appeared from the record that the matter in dispute in said cause exceeded, exclusive of interest and costs, the sum or value of $2000.00. It further appeared from the record that the defendant, the Missouri Pacific Railway Company, upon the grounds aforesaid, including the ground of such diversity of citizenship and jurisdictional amount, duly and seasonably made and filed its petition in this cause in said court, to wit, the District Court of Lancaster County, Nebraska, at the time, or at a time before the said defendant was required by the laws of said State of Nebraska or by the rule of said state court in which such suit was brought, to answer or plead to the declaration or complaint or petition of the plaintiff, for the removal of such suit into the said Circuit Court of the United States to be held in the district where such suit was pending, to wit, the Circuit Court of the United States in and for the District of Nebraska, and said defendant made and filed therewith, to wit, with its said petition, a bond with good and sufficient surety for its entering in such Circuit Court on the first day of its then next session a copy of the record in said suit and for paying all costs that might be awarded by the said Circuit Court if said Circuit Court should hold that such suit was wrongfully and improperly removed thereto, which said petition was erroneously denied and which said bond was erroneously refused by said state court, to which denial and refusal the said Missouri Pacific Railway Company then and there duly excepted.

"4. The said Supreme Court of the State of Nebraska erred in taking or assuming or in undertaking to exercise jurisdiction of this cause and of the parties thereto by reason of the proceedings for the removal thereof hereinbefore recited, and in denying the right and authority so set up and undertaken to be exercised by the said defendant, the Missouri Pacific Railway Company, under the statute and laws of the United States relating to the removal of causes of civil nature from the state to the Federal courts.

"5. The said Supreme Court of the State of Nebraska erred in taking or assuming to exercise jurisdiction in this cause and to hear and determine the same and to pronounce final judgment therein forasmuch as it was made to appear to said court, and did appear, by the record in this cause, that the Circuit Court of the United States, in and for the District of Nebraska, had duly taken and undertaken to exercise jurisdiction of said cause and of the parties thereto and had by due judgment and order overruled and denied application of the plaintiff herein to remand said cause to said state court, to wit, the District Court of Lancaster County, Nebraska, and had by due order and judgment overruled a plea in abatement interposed by the said plaintiff to the jurisdiction of the said Federal court, all of which orders and judgments of said Federal court then remained in full force and effect, unappealed from and unreversed.

"6. The Supreme Court of the State of Nebraska erred in denying and overruling the plea in abatement to its jurisdiction interposed by the said defendant, the Missouri Pacific Railway Company, in answer and reply to the petition of Mary Fitzgerald, administratrix, to revive this action and cause in her name, as the successor of John Fitzgerald, the original plaintiff, then deceased.

"7. The said Supreme Court of the State of Nebraska erred in denying the claim set up and claimed by the said defendant, the Missouri Pacific Railway Company, to immunity from any recovery for or in respect of seventeen miles of railroad constructed over the public domain by the said Fitzgerald and Mallory Construction Company in the name of the Denver,

Memphis and Atlantic Railway Company, without compliance with an act of Congress of the United States, approved March 3, 1875, entitled ' An act granting to railroads the right of way through lands of the United States,' specifically referred to and set forth in the answer of the said defendant, the Missouri Pacific Railway Company, in this cause.

" 8. Said Supreme Court of Nebraska erred in denying and overruling the plea in abatement of the defendant, the Missouri Pacific Railway Company, to the jurisdiction of said court wherein and whereby it appeared that on the 24th day of December, 1888, John Fitzgerald, the original plaintiff herein, instituted an action in his own name against the Fitzgerald and Mallory Construction Company to recover from said company an amount alleged to be due from said company, and thereby by due proceedings caused an attachment to issue and garnishment notice to be served upon the Missouri Pacific Railway Company charging it as garnishee, and thereby placing whatever fund or moneys might be due from it to said Construction company in the custody of the law, and whereby it further appeared that by due proceedings had, said action so instituted by said John Fitzgerald was in due time properly removed from the District Court of Lancaster County, Nebraska, in which it was instituted, to the Circuit Court of the United States in and for the District of Nebraska, and under and by virtue of section 4 of the removal act of Congress, March 3, 1875, the said attachment and garnishment proceedings were wholly removed into said Circuit Court of the United States, and said court then and there, by virtue thereof, acquired exclusive jurisdiction of said fund and moneys due from said Missouri Pacific Railway Company to said Fitzgerald and Mallory Construction Company and of any controversy between said companies with respect to such fund.

" 9. The said Supreme Court of Nebraska erred in holding and deciding that under and by virtue of said removal act of Congress the said fund so garnished in the hands of the Missouri Pacific Railway Company was not placed in the custody and under the exclusive control of said Circuit Court of the

United States by reason of said removal of said action of John Fitzgerald against the Fitzgerald and Mallory Construction Company.

"10. The Supreme Court of the State of Nebraska erred in appointing a receiver of the Fitzgerald and Mallory Construction Company, and in investing or undertaking to invest the said receiver with any cause of action against the defendant, the Missouri Pacific Railway Company, forasmuch as it was made to appear, and did appear by the record in said court in said cause that in a certain cause entitled 'The Kansas, Colorado and Pacific Railroad Company against The Fitzgerald and Mallory Construction Company,' theretofore and then pending in the Circuit Court of the United States, in and for the District of Nebraska, by due proceedings had in the said Circuit Court, had appointed a receiver of said Fitzgerald and Mallory Construction Company, and of all of the property and assets thereof, and said receivership so appointed by said Circuit Court of the United States for the District of Nebraska had not been terminated and vacated, and said receivership had not been discharged.

"11. The Supreme Court of Nebraska erred in allowing as a charge against the Missouri Pacific Railway Company in favor of said Fitzgerald and Mallory Construction Company various items of alleged indebtedness of the Denver, Memphis and Atlantic Railway Company to the said Fitzgerald and Mallory Construction Company.

"12. The Supreme Court of Nebraska erred in refusing to allow as proper charges against the Fitzgerald and Mallory Construction Company the several items of indebtedness of said Construction company to the Missouri Pacific Railway Company.

"13. The Supreme Court of the State of Nebraska erred in holding that it had any jurisdiction to render and in rendering any judgment whatever against the defendant, the Missouri Pacific Railway Company, in this cause."

*Mr. J. M. Woolworth, Mr. J. W. Deweese,* and *Mr. F. M. Hall* for the motion to dismiss.

*Mr. John F. Dillon, Mr. Winslow S. Pierce,* and *Mr. B. P. Waggener,* opposing.

I. The order of the Circuit Court, overruling the plaintiff's motion to remand, and the judgment on the issue joined by the plea in abatement to the jurisdiction, disposed of the question of Federal jurisdiction, so far as that court was concerned, and established and determined that the Circuit Court did have jurisdiction of the cause. *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad,* 136 U. S. 356, 371.

In this case the Circuit Court overruled and denied the plea to the jurisdiction, and entered the following order and judgment: " This cause having been heard on the motion of the complainant to remand the same to the state district court in and for Lancaster County, from whence it came, and upon the plea to the jurisdiction of this court filed by said complainant, and the court, after careful consideration thereof, and being fully advised in the premises, doth now on this day order, adjudge, and decree that said motion to remand and plea to the jurisdiction of this court be, and the same are hereby, overruled."

This order, judgment, and decree was made July 23, 1890, at the May term, 1890, of the Circuit Court. No exception was taken or preserved. It was not vacated or modified at that term of court. It is conceded that no appeal or writ of error was taken from that judgment and decree of the court. The Federal court having thus overruled the motion to remand, and having denied the plea to the jurisdiction, could not, at a subsequent term of that court, reverse, vacate, or modify such order or judgment. *Dowell* v. *Applegate,* 152 U. S. 327, 340 ; *Des Moines Navigation Co.* v. *Iowa Homestead Co.,* 123 U. S. 552, 559.

Fitzgerald, having invoked the jurisdiction of the Circuit Court by his plea to its jurisdiction, to determine the question so raised, is bound by the adverse decision of the court on the issue so made by him, and the judgment is final, until reversed on appeal or by writ of error. *Gould* v. *Evansville & Crawfordsville Railroad,* 91 U. S. 526.

While it is true that the act of March 3, 1875, c. 137, 18 Stat. 470, provides, if in any suit commenced in one of such courts, "it shall appear to the satisfaction of said Circuit Court, at any time after such suit has been brought or removal thereof, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said Circuit Court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this act, the said Circuit Court shall proceed no further therein," etc., yet we submit that when the question whether the suit has been properly removed or not is formally presented by motion and plea to the Circuit Court, its judgment on that question is conclusive in that case until reversed or modified by appeal or writ of error.

If the complainant had not filed a motion to remand, and had not presented a plea to the jurisdiction, then the act of March 3, 1875, could have been invoked to justify the action of the court in remanding the case at any time during the progress of the trial, whenever it was made to appear that the court, for any reason, did not have jurisdiction. The purpose of that act was to give the court authority to decide for itself whether or not it had jurisdiction, irrespective of what might be the wish of the parties litigant. The complainant, however, by this motion to remand, challenged the sufficiency of the petition for removal, and that was decided adversely to him. By his plea to the jurisdiction he put in issue the allegation of fact contained in the petition for removal, that the suit was brought against the defendant company on a liability which was created solely by the Kansas corporation, and that the Kansas corporation was the company which was in fact proceeded against, and not the Nebraska corporation. This was an issue of fact, and the issues so made by the plea to the jurisdiction were submitted to the court on the entire record, and the court by overruling and denying that plea found the issues against the complainant. That conclusion of the court, as stated by Mr. Justice Harlan in *Turner* v. *Farmers' Loan & Trust Co.*, 106 U. S. 552, 554, " constituted

an adjudication by the Federal court that the facts existed which were necessary to give jurisdiction." In that case Mr. Justice Harlan further said: "When the Circuit Court assumes jurisdiction of the cause, the party denying its authority to do so may, after final decree and by a direct appeal therefrom, bring the case here for review upon the question of jurisdiction, the amount in dispute being sufficient for that purpose." *Railroad Co.* v. *Kuntz*, 104 U. S. 515.

How, in view of the record in this case, is it possible for the party making this motion to claim that no Federal question was made or arises on this record? We submit, therefore, that the state court never had jurisdiction to hear, try, and determine any of the matters in controversy; that the case has at all times since the decision of the Circuit Court on the question of jurisdiction been pending in the Circuit Court, and that all action taken by the state court has been without jurisdiction and without any authority in the premises whatever.

II. The state court should have removed the case into the Circuit Court on the original petition for removal made by the Missouri Pacific Railway Company.

As the subject-matter of controversy in this action was the building of the railroad in the State of Kansas, as to which the original Missouri company had no power, the petition for removal rightfully treated the Missouri Pacific as to this particular controversy as a citizen of Kansas.

And we here enter our protest against the practice of moving to dismiss or affirm a cause, as being too clear to justify oral argument in due and regular course, when upon full consideration and argument it has been decided by Justice Miller and Judge Dundy in one way, and by Judge Caldwell in another. The mere statement that such judges had differed is itself sufficient to entitle the parties to be heard at the bar of this court, and to relieve the court from the necessity of going through the voluminous record and arguments which are made on this motion to dismiss and affirm.

III. The Supreme Court of Nebraska had no jurisdiction to render any judgment against the Missouri Pacific Railway

Company, and all of its proceedings were *coram non judice* because of the petition for removal filed by the defendant Construction company.

IV. Other considerations establish the Federal jurisdiction over the cause.

One of the claims made by the petition of the complainant was for an accounting between the railway company and the Construction company. This action was to enforce a cause of action in favor of the Construction company against the railway company. It was separate and wholly independent of the controversies between the complainant and the Construction company. The relief sought was a judgment in favor of the Construction company against the railway company. It is conceded that the Construction company was an Iowa corporation, and it is also conceded that the railway company was not an Iowa corporation. This controversy was, therefore, " wholly between citizens of different States," and could be " fully determined as between them," and was removable under the third clause of section two of the act of March 3, 1887, (as corrected by act of August 13, 1888,) on application of the defendant railway company. This branch of the suit was for the benefit of the Construction company, and for the purposes of jurisdiction ".should be regarded a suit in the name of the party for whose benefit it is brought." *Maryland* v. *Baldwin*, 112 U. S. 490.

V. The action of the complainant arose under the laws of the United States, and involved a Federal question, and for that reason was removable to the Circuit Court on the petition and application of the railway company.

VI. The Supreme Court of the State had no jurisdiction over the cause ; the jurisdiction thereof was in the Federal Court.

(*a*) The petition of each, the railway company and the Construction company, for removal to the Circuit Court divested the Supreme Court of any jurisdiction to make any order or enter any judgment or decree in the case.

(*b*) The plaintiff, John Fitzgerald, by instituting garnishment proceedings against the railway company in his action

against the Construction company, himself placed the fund in the hands of the railway company *in custodia legis,* and by that act precluded himself from invoking the assistance of any other court to determine the amount due from the railway company to the Construction company.

(*c*) The order of revivor was a nullity.

VII. The court below, in its decision that it would not examine the order of the Circuit Court remanding the cause for want of jurisdiction, in order to determine whether such proceeding was in accordance with the practice of that court, committed error. By this decision it evaded the real questions which it was asked to decide, viz. :

(1) That the district court, in not removing the case into the Circuit Court on the petition and bond of the defendants, committed obvious error.

(2) That the order of the Circuit Court overruling the motion to remand, and its judgment in favor of the defendant on the plea to the jurisdiction, were conclusive of the issues thus presented, until reversed or modified by the Supreme Court of the United States.

(3) That the order of the Circuit Court remanding the cause, was a nullity, because that court had no appellate jurisdiction, and could not, at a subsequent term, reverse its final orders and decrees.

VIII. The defendant, in the seventh paragraph of its answer, alleged, in substance, that by the terms of the contract of April 28, 1886, between the Denver company and the Construction company, it was, among other things, substantially provided that the Denver company should procure the right of way for said line of railway to be constructed, and would cause to be executed a proper mortgage upon said right of way to secure the first mortgage bonds of said company, to the extent of $16,000 per mile.

The finding of the court below establishes the fact that the railway company never complied with this act of Congress, and the defendant pleads this failure to comply with this act of Congress as a defence *pro tanto* to the claim set up by the Construction company against it. It relies upon the act of

Congress as the basis for that defence. Not only the act of Congress, but the rules and regulations of the Department at Washington, require certain things to be done, as conditions precedent to the right to enter upon the public domain. The right of way, by the first section of the act of March 3, 1875, c. 152, 18 Stat. 482, is only granted to certain railroad companies; namely, those railroad companies "which shall have filed with the Secretary of the Interior a copy of its articles of incorporation and due proof of its organization under the same," etc.

It was claimed by the railway company that the Construction company assumed the burden of procuring the right of way, and to that end had control of the organization of the Denver company, and that its failure to obtain the right of way over the public lands in accordance with the act of Congress of 1875 deprived it of the right to call upon the railway company to pay for that portion of the railway constructed in violation of that act. This proposition was decided adversely to the railway company by the Supreme Court of the State of Nebraska, and it was held, that notwithstanding the said railway company had sustained damage by reason of the failure of the construction company to have secured a proper title to the right of way over the government land, "no allowance of a counterclaim can be made as to the alleged failure to comply with such requirements as were necessary to acquire a railroad right of way across government lands." 41 Nebraska, 451.

The court below could not ignore or disregard this defence of the railway company, without deciding what effect must or should be given to the act of Congress of 1875. The only right to construct the road over this land must, of necessity, have been extracted from this act of Congress. *Kansas Pacific Railway* v. *Dunmeyer*, 113 U. S. 629; *Van Wyck* v. *Knevals*, 106 U. S. 360.

And it was contended that the mortgage of the Denver company, attempting to encumber the fifteen miles of road so constructed over the government lands, was void under this act of Congress, and that in an accounting between the Con-

struction company and the railway company that fact should be taken into consideration, and the railway company should be protected, to the extent, at least, of the fifteen miles of road to which the Construction company had never in any manner acquired any title for the Denver company, which it owned, dominated and controlled.

In the case of *Anderson* v. *Carkins*, 135 U. S. 483, 486, this court said :

" To a bill for the specific performance of this contract the defendants answered that the contract was void under the homestead laws of the United States. Notwithstanding this defence, so expressly stated, a decree of specific performance was entered against them. Obviously this could not be so entered, without adjudging such defence insufficient, and denying to them the protection claimed under the homestead laws. . . . If, under these provisions, such a contract is void, then obviously no state statute can vitalize the contract or deprive a party thereto of the protection afforded by the public statutes. . . . Inasmuch, therefore, as no decree could pass against the defendants without denying the protection asserted by them under the homestead laws, . . . it follows that the case is one in which a right was specifically set up and claimed under the statutes of the United States. . . . Hence, the jurisdiction of this court cannot be doubted. . . . It is immaterial that the state court considered the case to be within the provisions of certain state statutes. The grasp of the Federal statute must first be released. The construction and scope of that are Federal questions, in respect to which the party who claims under such statute, and whose claim is denied, has the right to invoke the judgment of this court."

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court

Was any title, right, privilege or immunity under the Constitution or any statute of, or authority exercised under, the United States, specially set up or claimed by plaintiff in error, denied by the decision of the state court ?

An assignment of errors cannot be availed of to import questions into a cause which the record does not show were raised and passed on in the court below, but we may refer to such assignment by way of convenience to ascertain the contentions of plaintiff in error.

Of the errors assigned here those which do not involve matters purely within the jurisdiction of the state courts may be grouped as follows : .

That the Supreme Court of Nebraska erred —

*First.* In that the court decided against a right set up by plaintiff in error, under the act of Congress of March 3, 1875, entitled " An act granting to railroads the right of way through the public lands of the United States," 18 Stat. 482, c. 152, by its refusal to allow damages for the failure of the Construction company to properly comply with the act.

*Second.* In that the court in maintaining jurisdiction decided against the claim of plaintiff in error that by reason of process of garnishment in attachment against the Missouri Pacific company, in the action brought by Fitzgerald against the Construction company to recover an amount alleged to be due him individually, in the state court and removed into the Circuit Court, the Circuit Court acquired exclusive jurisdiction and custody of the fund or moneys due from the Missouri Pacific company to the Construction company, and of any controversy in respect thereof.

*Third.* In that the court in appointing a receiver of the Construction company to collect the amount of the decree against the Missouri Pacific company, and disburse the same under the direction of the court, decided against the claim of plaintiff in error that a receiver appointed by the Circuit Court in the cause therein pending in favor of the Kansas and Colorado Pacific Railway Company and against the Construction company was entitled to the possession of the latter's assets.

*Fourth.* In that the court in exercising jurisdiction, notwithstanding the cause had been wrongfully remanded by the Circuit Court, decided against the claim of plaintiff in error that the cause had been properly removed. And

herein also that the court in maintaining jurisdiction decided against the claim of plaintiff in error that the state district court erred in denying its application to remove.

1. We repeat what we said in *California Powder Works* v. *Davis*, 151 U. S. 389, 393, that "it is axiomatic that, in order to give this court jurisdiction on writ of error to the highest court of a State in which a decision could be had, it must appear affirmatively, not only that a Federal question was presented for decision by the highest court of the State having jurisdiction, but that its decision was necessary to the determination of the cause, and that it was actually decided or that the judgment as rendered could not have been given without deciding it. And where the decision complained of rests on independent ground, not involving a Federal question and broad enough to maintain the judgment, the writ of error will be dismissed by this court without considering any Federal question that may also have been presented." *Eustis* v. *Bolles*, 150 U. S. 361, and cases cited.

In the case at bar, the state court did not decide a Federal question in this connection, but its decision rested on an independent ground broad enough to sustain the judgment.

The contention of plaintiff in error was that, although the contract between the Denver company and the Construction company required the Denver company to secure the right of way, it was understood that when the Missouri Pacific company and the Construction company entered into their contract the Construction company should use the name of the Denver company, exercise its power of eminent domain, comply with the act of Congress, and secure the right to build the road over the public lands; that the Construction company failed to secure the lawful right of way as to a portion of the road; that the Missouri Pacific company should be allowed a deduction for each and every mile so situated; and that the controversy in this regard depended upon a right construction of the act of Congress. It would seem that this dispute between the parties turned on whether the Construction company had failed in its duty to the Missouri Pacific company, and not on any difference between them as to the proper

meaning of the act, but it is sufficient to say that the validity of the act of Congress was not questioned, and that the decision of the state courts denied no right claimed under it. The finding of fact was that about fifteen miles of road was laid out over government land, and that no maps were filed with the Secretary of the Interior, showing the lines of way thereon, though they were filed with the local land officers. In *Real* v. *Hollister*, 20 Nebraska, 112, it was decided that in an action for breach of the covenant for quiet enjoyment, the plaintiff must allege and prove that he had been turned out of possession, or had yielded to a paramount title, and, applying that doctrine in this case, the state courts held that the Missouri Pacific company could not maintain its claim for damages, because its possession had not been disturbed or its title questioned. *Fitzgerald* v. *Fitzgerald &c. Construction Co.*, 41 Nebraska, 374, 451.

2. The answer and plea of the Missouri Pacific company to Mrs. Fitzgerald's petition for an order of revivor and the appointment of a receiver filed January 29, 1895, set up that on December 24, 1888, which was the same day that he instituted this suit as a stockholder, Fitzgerald brought an action against the Construction company to recover an amount alleged to be due him; that notice of garnishment was served on the Missouri Pacific company; that the cause was then removed into the Circuit Court, and there Fitzgerald recovered judgment; and that control over the indebtedness of the Missouri Pacific company to the Construction company and of the accounting between them was thus transferred to the Circuit Court.

The matter of the garnishment proceedings was referred to in the original answer of the Missouri Pacific company filed in this cause January 19, 1889, but the position now taken was put forward for the first time in the answer and plea to Mrs. Fitzgerald's petition in the Supreme Court. Apart, however, from the objection that the course of proceedings could not be obstructed in this way at so late a date and in the court of appellate jurisdiction, the position cannot be maintained, for it was not made to appear but that the

notice of garnishment may have been issued and served after jurisdiction had attached in this suit; and, moreover, it did not appear that the garnishment process was prosecuted or that any order or judgment charging the Missouri Pacific company was rendered. Under sections 224 and 225 of the Code of Nebraska, (Comp. Stat. Neb. 1895, 1170, 1171,) the garnishee must deliver the property of the defendant in the action or pay the money due, as disclosed on his examination, into court, or give bond that the amount shall be paid or the property be forth-coming, as directed by the court, or if the garnishee fail to appear and answer, or his disclosure is not satisfactory, or he fail to comply with the order of the court, etc., the plaintiff may proceed against him by action and recover judgment as in other cases, defendant being substituted as plaintiff when plaintiff is satisfied.

The Supreme Court of Nebraska disposed of this objection by saying "that the attachment proceeding was evidently abandoned in the Circuit Court, where the record shows an ordinary judgment for damages, unaccompanied by an order against the Missouri Pacific Company as garnishee."

We are unable to perceive that that court in declining to entertain the objection so passed upon a Federal question as to furnish ground for the interposition of this court.

3. By the amended petition filed May 4, 1891, the appointment of a receiver was prayed, but the judgment of the District Court was rendered December 28, 1891, for $429,573.43, to be paid to the clerk of the court to abide its further order, execution to issue on failure of payment.

The cause having been taken to the Supreme Court by appeal, judgment was there rendered, June 26, 1894, for $764,942.08, with interest from December 24, 1893, and the cause remanded to the district court with instructions to enforce the collection of said judgment, and to appoint a receiver to collect and pay out the proceeds thereof and of such other assets of the Construction company as might be within the jurisdiction of the court. December 30, 1894, pending an application for a rehearing, Fitzgerald died, and Mrs. Fitzgerald, having been appointed special administratrix

of his estate, filed, January 15, 1895, her petition for an order of revivor, and also that a receiver be appointed by the Supreme Court.

January 5, 1895, a rehearing was granted, and on April 4, the Supreme Court entered the order of revivor, and modified its former judgment by reducing the amount to $300,906.33. And on April 6, 1895, the court appointed a receiver, having reviewed and overruled the Pacific company's objections thereto presented by its answer and plea to Mrs. Fitzgerald's application. 62 N. W. Rep. 899, 910.

July 2, 1891, the Kansas and Colorado Pacific Railway Company brought its action in the state district court against the Construction company with garnishee notice to the Missouri Pacific company, which cause was removed into the Circuit Court on July 3, 1891. January 12, 1895, the Kansas company filed an amended and supplemental complaint, and a receiver was appointed by the Circuit Court, the district judge presiding.

As the state courts had been in possession of the *res* for years before January 12, 1895, when, pending the modification by the Supreme Court of its judgment of June 26, 1894, the Circuit Court permitted the amended and supplemental complaint to be filed by the Kansas company against the Construction company, and thereupon appointed a receiver, the Supreme Court of Nebraska held that the rule that the court which first acquires jurisdiction of the subject-matter of an action will retain it until the controversy is finally determined applied, and that the appointment of a receiver by the Circuit Court was under the circumstances ineffectual to divest the control of the Supreme Court over the assets of the Construction company or defeat its right to enforce its judgment in the accounting.

In our opinion the Supreme Court in so holding denied no Federal right of the Missouri Pacific company.

4. It is contended that by its judgment the Supreme Court affirmed the order of the state district court denying the application to remove, and that that order was erroneous. But as the Missouri Pacific company, notwithstanding such denial,

filed the record in the Circuit Court, and the cause proceeded in that court to final hearing, when it was remanded, and as the state court in the meantime awaited the action of the Circuit Court, the order worked no prejudice, and if any error were committed in that regard, it became wholly immaterial.

5. We are thus brought to the remaining and most important question arising on this motion.

Under the act of Congress of March 3, 1887, c. 373, 24 Stat. 552, 553, as reënacted for the purpose of correcting the enrolment, by the act of August 13, 1888, c. 866, 25 Stat. 433, 435, is the order of the Circuit Court remanding the cause to the state court open to review on this writ of error? If not, then we cannot take jurisdiction to revise the proceedings of the state court. Nor can the inquiry be affected by the fact that a motion to remand had been previously made and denied. That order was subject to reconsideration, as the question of jurisdiction always is, until final judgment, and, indeed, it was the duty of the Circuit Court under the statute, if it appeared at any time that jurisdiction was lacking, to dismiss or remand as justice might require. 18 Stat. 470, c. 137, § 5.

Prior to the passage of the act of March 3, 1875, just cited, an appeal or writ of error would not lie to review an order of the Circuit Court remanding a suit which had been removed because such an order was not a final judgment or decree. This was expressly held in *Railroad Company* v. *Wiswall*, 23 Wall. 507, decided at October term, 1874, and it was also ruled that the remedy was by mandamus. But by the last paragraph of section 5 of the act of March 3, 1875, c. 137, 18 Stat. 470, it was provided that " the order of said Circuit Court dismissing or remanding said cause to the state court shall be reviewable by the Supreme Court on writ of error or appeal as the case may be."

By section 6 of the act of March 3, 1887, however, this paragraph was expressly repealed, and by the last paragraph of section 2 it was enacted that : " Whenever any cause shall be removed from any state court into any Circuit Court of the United States, and the Circuit Court shall decide that the cause was improperly removed, and order the same to be re-

manded to the state court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the Circuit Court so remanding such case shall be allowed."

These provisions were referred to by Mr. Chief Justice Waite in *Morey* v. *Lockhart,* 123 U. S. 56, 57, and the Chief Justice said:

" It is difficult to see what more could be done to make the action of the Circuit Court final, for all the purposes of the removal, and not the subject of review in this court. First, it is declared that there shall be no appeal or writ of error in such a case, and then, to make the matter doubly sure, the only statute which ever gave the right of such an appeal or writ of error is repealed."

It was subsequently decided in the case of *In re Pennsylvania Company,* 137 U. S. 451, 454, that the power to afford a remedy by mandamus when a cause, removed from a state court, is improperly remanded, was taken away by the acts of March 3, 1887, and August 13, 1888.

Adverting to the clause just quoted from section 2 of those acts, Mr. Justice Bradley said:

" In terms, it only abolishes appeals and writs of error, it is true, and does not mention writs of mandamus; and it is unquestionably a general rule, that the abrogation of one remedy does not affect another. But in this case, we think it was the intention of Congress to make the judgment of the Circuit Court remanding a cause to the state court final and conclusive. The general object of the act is to contract the jurisdiction of the Federal courts. The abrogation of the writ of error and appeal would have had little effect in putting an end to the question of removal, if the writ of mandamus could still have been sued out in this court. It is true that the general supervisory power of this court over inferior jurisdictions is of great moment in a public point of view, and should not, upon light grounds, be deemed to be taken away in any case. Still, although the writ of mandamus is not mentioned in the section, yet the use of the words 'such remand shall be immediately carried into execution,' in addition to the prohi-

bition of appeal and writ of error, is strongly indicative of an intent to suppress further prolongation of the controversy by whatever process. We are, therefore, of opinion that the act has the effect of taking away the remedy by mandamus as well as that of appeal and writ of error."

We see no reason for reconsidering these conclusions and it may be regarded as settled that an order of the Circuit Court remanding a cause cannot be reviewed in this court by any direct proceeding for that purpose.

If a state court proceeds to judgment in a cause notwithstanding an application for removal, its ruling in retaining the case will be reviewable here after final judgment under § 709 of the Revised Statutes. *Stone* v. *South Carolina*, 117 U. S. 430.

If a case be removed to the Circuit Court and a motion to remand be made and denied, then after final judgment the action of the Circuit Court in refusing to remand may be reviewed here on error or appeal. *Graves* v. *Corbin*, 132 U. S. 571.

If the Circuit Court and the state court go to judgment, respectively, each judgment is open to revision in the appropriate mode. *The Removal cases*, 100 U. S. 457.

But if the Circuit Court remands a cause and the state court thereupon proceeds to final judgment, the action of the Circuit Court is not reviewable on writ of error to such judgment.

A state court cannot be held to have decided against a Federal right when it is the Circuit Court, and not the state court, which has denied its possession.

The Supreme Court of Nebraska rightly recognized the courts of the United States to be the exclusive judges of their own jurisdiction and declined to review the order of the Circuit Court.

As under the statute a remanding order of the Circuit Court is not reviewable by this court on appeal or writ of error from or to that court, so it would seem to follow that it cannot be reviewed on writ of error to a state court, the prohibition being that "no appeal or writ of error from the decision of the Circuit Court remanding such cause shall be allowed."

And it is entirely clear that a writ of error cannot be maintained under section 709 in respect of such an order where the state court has rendered no decision against a Federal right but simply accepted the conclusion of the Circuit Court.

We regard this result as intended by Congress, in effectuation of the object of the act of March 3, 1887, to restrict the jurisdiction of the Circuit Court and to restrain the volume of litigation, which, through the expansion of Federal jurisdiction in respect to the removal of causes, had been pouring into the courts of the United States. *Smith* v. *Lyon*, 133 U. S. 315; *In re Pennsylvania Company*, 137 U. S. 451; *Fisk* v. *Henarie*, 142 U. S. 459, 467.

So far as the mere question of the forum was concerned, Congress was manifestly of opinion that the determination of the Circuit Court that jurisdiction could not be maintained should be final, since it would be an uncalled for hardship to subject the party who, not having sought the jurisdiction of the Circuit Court, succeeded on the merits in the state court, to the risk of the reversal of his judgment, not because of error supervening on the trial, but because a disputed question of diverse citizenship had been erroneously decided by the Circuit Court; while as to applications for removal on the ground that the cause arose under the Constitution, laws, or treaties of the United States, that this finality was equally expedient as questions of the latter character if decided against the claimant would be open to revision under section 709, irrespective of the ruling of the Circuit Court in that regard in the matter of removal.

It must be remembered that when Federal questions arise in causes pending in the state courts, those courts are perfectly competent to decide them, and it is their duty to do so.

As this court, speaking through Mr. Justice Harlan, in *Robb* v. *Connolly*, 111 U. S. 624, 637, said: "Upon the state courts, equally with the courts of the Union, rests the obligation to guard, enforce, and protect every right granted or secured by the Constitution of the United States and the laws made in pursuance thereof, whenever those rights are involved in any suit or proceeding before them; for the judges of the state courts

are required to take an oath to support that Constitution, and they are bound by it, and the laws of the United States made in pursuance thereof, and all treaties made under their authority, as the supreme law of the land, 'anything in the Constitution or laws of any State to the contrary notwithstanding.' If they fail therein, and withhold or deny rights, privileges, or immunities secured by the Constitution and laws of the United States, the party aggrieved may bring the case from the highest court of the State in which the question could be decided to this court for final and conclusive determination."

*Writ of error dismissed.*