## NELSON *v.* MOLONEY.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 767. Submitted April 17, 1899. — Decided May 1, 1899.

O'Brien being arrested in the State of New York for larceny, Nelson in-
duced Moloney to join him in becoming O'Brien's bondsman, and gave
Moloney a mortgage on his (Nelson's) real estate in New York to the
amount of $10,000, to indemnify him. O'Brien having defaulted in his
appearance for trial, Moloney was sued upon the bond, and a judgment
was recovered against him, which was wholly paid by him. Before pay-
ing it he brought suit against Nelson to recover the amount for which
he was so liable, and obtained a judgment in his favor in the trial court,
which was reversed in the courts above on the ground that, as, at that
time he had paid nothing on the forfeiture, no recovery could be had.
In appealing from the trial court in that case he entered into the usual
stipulation that, if the judgment appealed from should be affirmed, judg-
ment absolute might be rendered against him. He then brought this suit
to foreclose the mortgage. Meanwhile Nelson had transferred the prop-
erty mortgaged to one Adams. The defendant contended that the stipu-
lation given by the plaintiff on the appeal to that court in the prior action
was a bar to the recovery in this action; and that the bond and mort-
gage having been given to indemnify bail in a criminal case, they were
void because contrary to public policy. But the Court of Appeals held:
(1) That the contention that the stipulation operated to prevent a recov-
ery was without support in authority or reason; and (2) That it was not
a part of the public policy of the State of New York to insist upon per-
sonal liability of sureties, and forbid bail to become indemnified. *Held:*
(1) That these conclusions involved no Federal question;
(2) That under the circumstances described in the opinion of the court,
    the proceedings in relation to the removal of the cause afforded
    no ground for the issue of the writ of error;
(3) That, following *Missouri Pacific Railway* v. *Fitzgerald*, 160 U. S. 556,
    the state court having proceeded to final judgment in this case, its
    action is not reviewable on writ of error to such judgment.

∴

THIS was a suit brought by Dennis Moloney against Samuel
Nelson, Albert J. Adams and others, in the Supreme Court of
New York, city and county of New York, to foreclose a mort-
gage on real estate given Moloney by Nelson to secure a bond
for ten thousand dollars in indemnification of Moloney against

loss by reason of becoming bail for one O'Brien. The judge before whom the case was tried found the facts as follows:

"I do find that in the month of October, 1891, one Thomas O'Brien was under arrest and confined in Albany County jail, charged with the crime of grand larceny in the first degree, and that on the 16th day of October, 1891, he was discharged from custody on giving a certain bail bond or recognizance in the sum of ten thousand dollars executed by himself, the defendant, Samuel Nelson, and the plaintiff, Dennis Moloney, conditioned that the said Thomas O'Brien should appear and answer the said charge in whatever court it may be prosecuted.

"That the defendant, Samuel Nelson, in order to induce the plaintiff to enter into said recognizance, agreed to indemnify him against liability thereunder, and the plaintiff relying upon said agreement and not otherwise entered into and executed the same as aforesaid and the said defendant, Samuel Nelson, immediately thereafter and in fulfilment of said agreement did execute and deliver to the plaintiff, Dennis Moloney, the bond and mortgage set up in the complaint in this action, which said mortgage was thereafter and on the 17th day of October, 1891, duly recorded in the office of the register of the city and county of New York.

"That thereafter and on the 2d day of November, 1891, the said Thomas O'Brien was called upon in the county court of Albany County to appear and answer the indictment above referred to, but did not appear and the bail bond or recognizance executed by said O'Brien, the plaintiff Dennis Moloney, and the defendant Samuel Nelson, was, on said 2d day of November, 1891, declared forfeited.

"That thereafter and before the commencement of this action, an action was brought by the people of the State of New York against the plaintiff, Dennis Moloney, and the defendant, Samuel Nelson, to recover upon said forfeited bail bond or recognizance, and on the 8th day of December, 1891, judgment in said action was duly entered in favor of the people of the State of New York against the defendant, Samuel Nelson, and the plaintiff, Dennis Moloney, for the sum of ten thousand and twenty-seven $\frac{13}{100}$ ($10,027.13) dollars, and the judgment roll

duly filed in the office of the clerk of Albany County on said date.

"That thereafter executions upon said last-mentioned judgment were duly issued to the sheriff of Albany County, and the plaintiff's property was sold under said execution, and the entire amount of said judgment paid wholly by the plaintiff.

"That no part of the sum of ten thousand dollars secured by said bond and mortgage has been paid to the plaintiff and defendants agreed and consented on the trial of this action that interest upon said sum of ten thousand dollars should be computed from the 5th day of June, 1893."

And thereupon judgment of foreclosure and sale for the amount due and for payment of any deficiency, was entered.

Before this suit was commenced Moloney had brought a similar suit against Nelson and recovered judgment, which was reversed by the general term of the Supreme Court on the ground that it had been prematurely brought, because Moloney had not then paid anything on account of the judgment entered on the forfeiture of the criminal recognizance. *Moloney* v. *Nelson*, 70 Hun, 202. From that judgment Moloney prosecuted an appeal to the Court of Appeals, entering into the usual stipulation that if the judgment appealed from was affirmed, judgment absolute might be rendered against him. The judgment was affirmed and judgment absolute entered. *Moloney* v. *Nelson*, 144 N. Y. 182. After that this action was commenced, but in the meantime Nelson had transferred the property mortgaged to defendant Adams.

From the judgment of the trial court in this suit Nelson alone appealed to the Appellate Division of the Supreme Court in the First Department, by which it was affirmed. Nelson then carried the cause to the Court of Appeals, and the judgment of affirmance was affirmed. *Moloney* v. *Nelson*, 158 N. Y. 351. The record having been remitted to the Supreme Court, this writ of error was allowed, and motions to dismiss or affirm submitted.

*Mr. Abram J. Rose* for the motions.

*Mr. William H. Newman* and *Mr. Albert J. Adams, Jr.*, opposing.

Mr. Chief Justice Fuller, after stating the case, delivered the opinion of the court.

It is stated in the opinion of the Court of Appeals, by Chief Judge Parker, that the defences interposed by Nelson "upon the trial, and relied upon here, are : (1) The stipulation given by the plaintiff on the appeal to this court in a prior action brought to foreclose the mortgage is a bar to the recovery in this action. (2) The bond and mortgage having been given to indemnify bail in a criminal case, they are void, because contrary to public policy."

The Court of Appeals ruled that the contention that the stipulation given on appeal to that court operated to prevent a recovery, was "without support in authority or reason;" and as to the second ground relied upon to defeat the action, that it was not a part of the public policy of the State of New York to insist upon personal liability of sureties and forbid bail to become indemnified. These conclusions involved no Federal question, nor can we find on this record that any title, right, privilege or immunity under the Constitution or the laws of the United States was specially set up or claimed in the state courts, and that the decision of the highest court of the State in which a decision could be had was against any title, right, privilege or immunity so set up or claimed. But it is said that Nelson filed his petition and bond for the removal of the cause from the Supreme Court of the State of New York to the United States Circuit Court for the Southern District of New York on the ground that, at the time of the commencement of the action, he was a citizen of New Jersey and Moloney was a citizen of the State of New York, and that the action taken thereon raised a Federal question. It appeared that Moloney, and Adams, the holder of the record title to the property mortgaged, were both citizens of the State of New York, and it is not claimed that the state court denied the petition, but, on the contrary, conceded that

the record was transmitted to the Circuit Court, and that that court, on motion, remanded the cause to the state court because there was no separable controversy wholly between citizens of different States.    This being so, the proceedings in relation to the removal of the cause afforded no ground for the issue of the writ of error.

In *Missouri Pacific Railway* v. *Fitzgerald*, 160 U. S. 556, 582, we held that : "If the Circuit Court remands a cause and the state court thereupon proceeds to final judgment, the action of the Circuit Court is not reviewable on writ of error to such judgment.    A state court cannot be held to have decided against a Federal right, when it is the Circuit Court, and not the state court, which has denied its possession. . . . As under the statute a remanding order of the Circuit Court is not reviewable by this court on appeal or writ of error from or to that court, so it would seem to follow that it cannot be reviewed on writ of error to a state court, the prohibition being that 'no appeal or writ of error from the decision of a Circuit Court remanding such cause shall be allowed.'    And it is entirely clear that a writ of error cannot be maintained under section 709 in respect of such an order where the state court has rendered no decision against a Federal right but simply accepted the conclusion of the Circuit Court."

*Writ of error dismissed.*