The **BOARD OF EDUCATION OF the CITY OF NEW YORK**, Appellee,

v.

**CITY-WIDE COMMITTEE FOR the INTEGRATION OF SCHOOLS**, an Unincorporated Association, et al., Appellants.

**No. 403, Docket 29501.**

United States Court of Appeals Second Circuit.

Argued Feb. 17, 1965.

Decided Feb. 18, 1965.

As Corrected Feb. 25, 1965.

William M. Kunstler, New York City (Kunstler, Kunstler & Kinoy, New York City), Samuel I. Hendler, John E. Silverberg, New York City, for appellants.

Benjamin Offner and John L. Radlein, New York City (Leo A. Larkin, Corp. Counsel, Seymour B. Quel, New York City, of counsel), for appellee.

Before WATERMAN, FRIENDLY and HAYS, Circuit Judges.

PER CURIAM:

This is an appeal from orders of Judge Rayfiel in the Eastern District of New York remanding to the Supreme Court of the State of New York a suit by the Board of Education of New York City for an injunction against the City-Wide Committee for the Integration of Schools and other defendants who allegedly are organizing a boycott of public schools in order to enforce demands for changes in their racial composition, and declining to vacate or modify a temporary restraining order issued by the state court prior to removal.

The case is wholly governed by our recent decision in People of State of New York v. Galamison, 342 F.2d 255, decided January 26, 1965. The distinctions asserted by appellants are unsubstantial. Neither the equal protection clause of the Fourteenth Amendment nor any federal statute providing for equal rights gives "color of authority" to organize a boycott of public schools, even if —which again we do not decide—28 U.S.C. § 1443(2) may ever be availed of by persons who are not government officers or acting on their behalf or at their instance. The cases, put in footnote 10 to our opinion but not there decided, were of students insisting on registration in schools where they would be admitted but for their race, or of picketing by themselves or their parents—not of organized activities such as those here sought to be enjoined. It goes without saying that we take no position on the issues whether state law entitles the Board of Education to the injunction sought or whether, if it would, appellants have a valid federal defense. Judge Rayfiel having remanded the suit to the state court on February 2, he was without jurisdiction thereafter to act on appellants' motion to vacate or modify the temporary restraining order issued by the state judge and properly declined to do so.

This court not having been in session during the first week of February, the judge assigned to the hearing of applications for stays declined to stay the order of remand or further proceedings in the state courts, without prejudice to a renewed application "upon a showing that the boycott had been temporarily discontinued." He set the appeal for hearing on February 17. On application at our motion calendar on February 15, we stayed further state proceedings pending the hearing of this appeal and later granted a further stay pending decision. No one has argued that the ex-

ecution of the order of remand has mooted the appeal, and we assume it has not.

We have considered whether to grant a further stay pending the application for certiorari which appellants quite plainly have in mind. In the sixty cases involved in People v. Galamison we granted such stays, under the terms provided in our Rule 28(c). Obviously we have no way of knowing whether the Supreme Court will see fit to grant certiorari in those cases or, if it does, when argument will be heard. In the meanwhile a most serious situation would exist if federal courts in this circuit, which are unable to entertain removed cases not fairly distinguishable from People v. Galamison, should prevent state courts from taking action thereon. We see no sufficient justification for the creation of such a paralysis by the district courts or ourselves. If, as appellants necessarily assume, we have power to correct the alleged error of the district court despite the execution of the remand, the Supreme Court must have similar power to correct error on our part, at least so long as the proceedings in the state court have not reached a final judgment. Moreover, we are not at all clear that an error in remanding a case removed under 28 U. S.C. § 1443 cannot be corrected by the Supreme Court, under 28 U.S.C. § 1257 (3), on review of the final state court judgment. Decisions such as Metropolitan Casualty Ins. Co. v. Stevens, 312 U.S. 563, 61 S.Ct. 715, 85 L.Ed. 1044 (1941), holding that the remand ends the matter even on Supreme Court review of the state court, rest on the prohibition of review of remand orders in 28 U.S.C. § 1447(d), see Gay v. Ruff, 292 U.S. 25, 29, 54 S.Ct. 608, 78 L.Ed. 1099 (1934), but see Missouri Pac. R. Co. v. Fitzgerald, 160 U.S. 556, 582, 16 S.Ct. 389, 40 L.Ed. 536 (1896), which Title IX of the Civil Rights Act of 1964 has relaxed for removals under § 1443. But even if we should be wrong in all this, we would not regard trial in the New York courts, subject to Supreme Court review as to denial of federal claims on the merits, as constituting such an irreparable injury, or consider appellants' prospect of success in the Supreme Court on review of our decision sufficiently great, to warrant a stay of further proceedings in the state courts, with the attendant inability of any court to grant relief.

However, we recognize that this new problem of stays pending appeal in cases sought to be removed under the civil rights statute is of such importance that appellants should be afforded an opportunity to present the issue, on notice, to the Circuit Justice. Accordingly, we shall continue the stay until February 23, 1965, and, if an application for an extension of the stay be filed with the Circuit Justice or the Clerk of the Supreme Court of the United States on or before February 23, 1965, pending the decision of said Circuit Justice, unless he shall otherwise direct. The mandate will issue upon expiration of the stay.

Affirmed.