United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2007**

Charles R. Fulbruge III
Clerk

I n the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 06-11250
Summary Calendar

_____

BLACK FIRE FIGHTERS ASSOCIATION, INC. OF DALLAS, TEXAS; WALTER DUNAGIN;
PATRICK FARRIS; SHAWN GARY; JAMES HILL, II; EDDIE JONES;
GEORGE FLORENCE; BILLY KELLY; ELIZABETH HILTON; JOHN ROGERS;
JAMES HUNTER, SR.; JOHN SIMIEN; BILLY INGRAM; ERVIN JACKSON;
TIFFANY TAYLOR; ALVIN SAMPLES; MICHAEL KUYKENDALL; MACKIE REESE;
JACQUELINE SMITH; HELEN WATTS,

Plaintiffs-Appellants,

VERSUS

CITY OF DALLAS, TEXAS; FIRE CHIEF STEVE ABRAIRA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
m 03:06-CV-1421

_____

Before SMITH, WIENER, and OWEN,
   Circuit Judges.

PER CURIAM:*

Plaintiffs, the Black Firefighters Association, Inc. of Dallas and several individual Hispanic firefighters, filed a civil rights class action in state court alleging racially discriminatory employment practices. Defendants, the City of Dallas and Fire Chief Steve Abraira, timely filed a motion to remove to federal court pursuant to 28 U.S.C. § 1441(b) based on federal question jurisdiction under 28 U.S.C. § 1331. Plaintiffs moved to remand, which was denied. Plaintiffs then filed a notice of interlocutory appeal of their denied motion pursuant to 28 U.S.C. § 1453(c)(1).

This court lacks jurisdiction over the interlocutory appeal. A motion denying remand is not a final judgment subject to review under 28 U.S.C. § 1291,[1] nor is it a collateral order that might be reviewable under the *Cohen* doctrine.[2]

Plaintiffs maintain that we have been granted jurisdiction over their appeal through a provision of the Class Action Fairness Act, 28 U.S.C. § 1453(c)(1). That section provides:

Section 1447 shall apply to any removal of a case under this section, except that notwithstanding section 1447(d), a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not less than 7 days after entry of the order.

This grant of appellate jurisdiction, by its own terms, applies only to removals under § 1453(b) and not to removals under § 1441. Even if plaintiffs could avail themselves of this section, they did not file the required petition for permission to appeal under Federal Rule of Appellate Procedure 5. *See Patterson v. Dean Morris, LLP*, 444 F.3d 365, 368 (5th Cir. 2006).[3]

The appeal is DISMISSED for want of jurisdiction.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See Lewis v. E.I. duPont de Nemours & Co.*, 183 F.2d 29, 31 (5th Cir. 1950); *Mo. Pac. Ry. v. Fitzgerald*, 160 U.S. 556, 582 (1896).

[2] *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546; *see, e.g.*, *Rohrer, Hibler, & Replogle, Inc. v. Perkins*, 728 F.2d 860, 862 (7th Cir. 1984) (per curiam).

[3] Plaintiffs' attempt to reclassify their appeal as a mandamus petition similarly fails; they have not complied with any provision of Federal Rule of Appellate Procedure 21(a).