KIRBY et al. v. CHICAGO & N. W. R. CO.

(Circuit Court, S. D. Iowa, C. D. December 31, 1900.)

No. 3,643.

1. REMOVAL OF CAUSES—EFFECT OF DENIAL OF MOTION.
The filing of a proper petition and bond for removal by a defendant
entitled thereto effects such removal, and deprives the state court of fur-
ther jurisdiction; and the fact that it makes an order denying the peti-
tion, and proceeds to try the cause, and that defendant participates in
such trial, does not affect the jurisdiction of the federal court, acquired by
the timely filing of the record therein.

2. SAME—PARTY ENTITLED TO REMOVE—DEFENDANT IN CONDEMNATION PRO-
CEEDINGS.
The provisions of the Iowa constitution, as construed by the supreme
court of the state, entitle a landowner to a trial by a jury of 12 men on
the question of just compensation for land taken by a railroad company
under the power of eminent domain. The statutes provide that on the
application of either the landowner or the company the sheriff shall
appoint six commissioners, who shall assess the landowner's damages,
and that on the deposit of the amount so awarded the company shall have
the right to take possession of the land. They further provide that
either party may appeal from such award to the district court, where the
question of damages shall be tried by a jury, and that in such case the
landowner shall be plaintiff and the corporation defendant. *Held* that,
where the landowner alone appeals from such an award, the company is
not only nominally, but in fact, the defendant in the district court, and
entitled to the rights of a defendant under the federal removal statutes,
without regard to which party made the application on which the commis-
sioners were appointed; the proceeding in the district court being the
first in which the rights of the parties can be determined by a constitu-
tional jury.

3. SAME—SUITS REMOVABLE—CONDEMNATION—PROCEEDINGS.
A statutory proceeding in a state court to determine the damages sus-
tained by a landowner by reason of the taking of his land under the

power of eminent domain is a suit of a civil nature at law, and removable under section 2 of the federal judiciary act of 1887–88, where the other requisite facts exist.

**4. SAME—SPECIAL PROCEEDINGS.**

That a statutory proceeding is required by the state statute to be brought in a particular court, and could not have been originally brought in a federal court, does not affect the right of the defendant to remove it to that court, where it is in the nature of a civil action at law, made removable by the federal statute.

J. M. Parker, for the motion and plea.

F. F. Dawley, opposed.

McPHERSON, District Judge. This controversy grows out of condemnation proceedings, the company seeking a strip of ground across lands owned by Myers and others for railroad purposes, and ,they seeking compensation therefor. The four persons by name of Myers seem to be tenants in common, and the owners of the land. Kirby is executor of the estate of Mrs. Reed, deceased, the former owner. Each of the said parties was, when the proceeding commenced, at all times since has been, and still is, a resident and citizen of a state of the United States other than the state of Illinois; all but one being residents and citizens of Iowa. The railway company is a nonresident of Iowa, and is a resident and citizen of Illinois, and was when the action was commenced, and at all times since has been. The amount or sum in controversy, exclusive of interest and costs, is in excess of $2,000. The initiative was by the company in March, 1900. The sheriff of the county summoned six commissioners to appraise the damages, by reason of the land appropriated. After due notice to all parties, and the commissioners being duly qualified, the damages were fixed at $2,100. From this award the landowners alone appealed to the district court of Marshall county, in which court the appeal was duly docketed. In due time the railway company, alleging itself to be the defendant, filed its petition in due form, and a sufficient bond for a removal of the case to this court upon the grounds of diverse citizenship and the amount involved. At no time has any allegation of residence, citizenship, or the amount involved been controverted or put in issue. In the Marshall county district court the landowners filed written objections to said removal, which court sustained the objections, and overruled the application for a removal. In due time the railway company filed a transcript of all papers and proceedings in this court. In the meantime the district court of Marshall county, over the objections of the company, proceeded to and did try the said appeal, resulting in awarding damages in the sum of $3,600. From that verdict by the district court of Marshall county the railway company appealed to the Iowa supreme court, where the appeal is still pending, not as yet reached for submission or trial. In this court, at this time, the landowners have filed both a motion to remand to the state court and a plea in abatement for the like purpose, and this motion and plea are now for determination on the foregoing statement of facts.

There are a few propositions that admit of no argument. One is that a defendant, and a defendant only, can have a case removed, and

such defendant must be a nonresident.   One not a defendant cannot bring a case by removal to this court, nor can a resident defendant. These propositions are statutory.   If the company was, when it filed its petition, entitled to a removal, then it is wholly immaterial what objections the landowners filed.   All lawyers know this.   It is also immaterial whether the state court made, or refused, or simply omitted to make any order with reference to the removal.   This is within the common knowledge of all lawyers.   It is equally immaterial that the state court made an order denying the application for removal. It is of no importance that the state court retained the case, and tried it, with the company taking part in the controversy.   It is of no consequence that the company was present in the state court, resisting the claim for damages, after its petition for removal was denied; and it is no objection to this court taking jurisdiction that the company has appealed to the Iowa supreme court.   That by doing any of those things is not a waiver of its rights to try the case in this court has been held over and over again.   Kern v. Huidekoper, 103 U. S. 485, 26 L. Ed. 354.   It was said in that case:

"It has been expressly held by this court that, when a case has been properly removed from a state into a United States court, and the state court still goes on to adjudicate the case, against the resistance of the party at whose instance the removal was made, such action on its part is a usurpation; and the fact that such a party has, after the removal, contested the suit, does not, after judgment against him, constitute a waiver on his part of the question of the jurisdiction of the state court to try the case."

In that case the court had, as in the case at bar, denied the removal of the case, because, if the case was removable, then all orders, and verdicts, and judgments of the Iowa courts subsequent to the filing of the petition for removal are void.   There was but one order that the state court could possibly make, and that was to make the order for removal; and it is immaterial whether that order was made.   In the language of the statutes: "It shall then be the duty of the state court to accept the petition and bond, and proceed no further in such suit."   If the case were in fact removable, it is my duty to retain jurisdiction.   In that event all complications arising in the state courts have been brought about by the landowners.   And, if the case were not removable, then anything done by this court will be of no avail.   All orders, both by this court and the state courts, can finally be presented to the one court for review.   So that it is the duty of this court and of the state courts to determine the matters, each court for itself.

The question of importance is, was the case one that could be removed, and shall the applications to remand be sustained?   As above stated, a petition for removal can be entertained only when filed by a nonresident, who must be a defendant.   That the company was a nonresident is too plain for discussion, and the fact need only be stated.

1. Was and is it a defendant?   The details of condemnation proceedings are regulated by statute.   But the limitations of the power of eminent domain are to be found in the constitution, one provision of which is as follows: "Private property shall not be taken for pub-

lic use without just compensation first being made, or secured to be made to the owners thereof, as soon as the damages shall be assessed by a jury." This is followed by a rule for the damages. Another provision of the constitution is, "The right of trial by jury shall remain inviolate." The Iowa supreme court has held that the appraisers, or commissioners, by whatever name, who, in the first instance, fix the damages, are not jurors, and that statutes which do not provide for an appeal to a jury of 12 men are unconstitutional and void, because in conflict with the two constitutional provisions quoted. Of course, a jury can be waived, and is waived by being in default in a law action for damages, or in a condemnation proceeding by not taking an appeal, or by accepting the money awarded by the three or six commissioners. The Iowa statutes provide that upon application of either the landowner or the company the sheriff shall summon six commissioners to appraise the damages. As either party could set the wheels in motion, and as it seems to me there would be no difference whether it was the landowner or the company who first ask the sheriff to act, I conclude that this case is in no way controlled because of the fact the company took the initiative for having the damages fixed. The parties could not agree, and the one party or the other must ask the sheriff to act. The sheriff and his commissioners did act. Plaintiffs were allowed $2,100. The plaintiffs could have taken the sum, and the controversy would have been at an end. This must be so, because the company, I assume, would have paid that, as it took no appeal. It, from necessity, for plaintiffs' use and benefit, deposited that sum with the sheriff. It also was required to pay all costs. Then the company took possession, and appropriated the strip of land. Then we next have a controversy in the Marshall county district court. The landowners placed the case there. For what purpose? Claiming damages for the appropriation by the company of the strip of land, because this strip of land had been, or could have been, entered upon by the company, provided it deposited $2,100. The tribunal, or whatever it was, of the sheriff, was statutory, and not recognized by the constitution as one to which the parties could go. The state court was the first tribunal in which effect could be given to the provision that "the rights of trial by jury shall remain inviolate," and that other provision that private property may be taken for public use "as soon as the damages shall be assessed by a jury." And it was the landowners who placed the case in the Marshall county district court, and this without the consent of the company, which was driven there because of the constitutional rights of the landowners. So we have a controversy in the Marshall county district court. It is taken there by the landowners. The company is there as any defendant is in court. It is taken there, and the company is not asking relief in that court. It already has what it wants, viz. the strip of land. But the landowners are there asking affirmative relief, viz. damages. I add the statement—to me of little importance, and certainly not controlling—that the Iowa statute, in providing for the appeal, recites, "The landowner shall be plaintiff and the corporation defendant." I cite this to show that the company is at least called a defendant. But I think it is an actual defendant,

in view of the situation of the parties before the state district court.

2. Is this a case that is removable? The act of congress of 1887–88, in section 1, provides that this court shall have "original cognizance, concurrent with the courts of the several states of all suits of a civil nature, at common law or in equity   *   *   *   or in which there shall be a controversy between citizens of different states, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid." The value aforesaid, of course, is in excess of $2,000. Section 1 of the statute is wholly devoted to the question of original jurisdiction of this court. Section 2 provides that cases may be removed from a state court to this court, and the procedure therefor. Among other things, it provides:

"That any suit of a civil nature, at law or in equity, arising under the constitution or   *   *   *   any other suit of a civil nature, at law or in equity, of which the circuit courts of the United States are given jurisdiction by the preceding section [section 1]   *   *   *   which may hereafter be brought in any state court, may be removed by the defendant or defendants therein to the circuit court of the United States."

I do not recall any other provision of the statute that is pertinent to this case. Is it a suit of a civil nature at "common law," as expressed in section 1, or a suit "at law," as expressed in section 2? If so, it is removable; otherwise not. Whether the expression "a suit in the nature at common law" or "a suit at law" be adopted is not material, because, in any event, the statute does not mean such a suit as existed at common law. The expression is used as distinguished from a criminal action, or from an action to enforce a regulation arising under the police power of the state, or an action to recover a penalty. At common law there was no cause of action for the wrongful killing of a human being. But no one to-day will claim that such a case cannot be removed when a nonresident citizen is defendant, and the amount involved is of the requisite sum. The phrases "law" and "common law" under this statute are one and the same, and were defined by Judge Story in Parsons v. Bedford, 3 Pet. 433, 7 L. Ed. 732, as being used in contradistinction to "equity" and "admiralty," and "maritime" jurisdiction. And Judge Bradley, in the case of Gaines v. Fuentes, 92 U. S. 23, 23 L. Ed. 524, defined the terms in the same way, and added:

"That they must be construed to embrace all litigations between party and party which in the English system of jurisprudence, under the light of which the judiciary act, as well as the constitution, were framed, were embraced in all the various forms of procedure carried on in the ordinary courts of law and equity as distinguished from the ecclesiastical, admiralty, and military courts of the realm."

In that case the majority opinion held that an action to annul a will admitted to probate, which was an evidence of title, could be removed. The action was brought in a state court having jurisdiction over the estates of deceased persons. And while the language of Judge Bradley was by him used in a dissenting opinion, holding the case to be not removable, yet he conceded that it need not be a case existing at common law in order to be removed. Although that case is one of the leading cases upon the subject, it has given rise to some controversy. But recently the circuit court of appeals for this circuit

was divided in applying the case to the case then in hand. Circuit Judge Caldwell and District Judge Rogers held that the action before them was a proceeding to probate a will, and was not a controversy in the nature of a civil action. Wahl v. Franz, 40 C. C. A. 638, 100 Fed. 680, 49 L. R. A. 62. I do not regard that case as an authority either for or against the question now before me. It sometimes is difficult to determine whether a particular proceeding is exclusively in probate, or whether it is in the nature of a civil action. When that is determined, the question itself is determined whether the case is removable. Neither by an original action nor by an attempted removal from a state court can this court acquire jurisdiction so as to probate a will, or appoint an administrator, or in determining the validity of a will preliminary to the appointment of an executor or administrator. That is clear. And it is equally clear that this court will take jurisdiction to contest the validity of a will already admitted to probate if a controversy of the requisite amount and the parties citizens of different states, etc. And so it is in a case to enforce payment of a debt of deceased. That is a controversy between the creditor and the executor, which is in the nature of a civil action. Much was said in oral argument—and correctly stated—that the act of congress now in force (Act 1887–88) very materially limits the jurisdiction of this court both as to original jurisdiction and specially as to removals. And it does. Under former statutes the necessary amount in controversy was small, and the plaintiff could abandon the state court by him selected, and carry all into this court. Congress changed all that by providing that the sum should be revised from $500 to $2,000, and, if a plaintiff elected to go to a state court for any purpose, he should stay in a state court to the end. Under former statutes there were many cases in which original jurisdiction could not be conferred upon this court, but, after being brought into a state court, could then be carried into this court by removal proceedings; and congress in part prohibited that. Did it entirely prohibit it? The judiciary act of 1789 used the words "a suit"; the act of 1866, "in any suit"; the act of 1867, "a suit"; the act of 1868, "any suit"; the act of 1875, "any suit of a civil nature, at law or in equity." And, as has been seen, the present statute (1887–88) is the same, in effect, as the act of 1875. I call attention to these various statutes because the nature of the action that can be removed has not been changed, and in that respect congress has not limited the removals, as distinguished from former statutes; and, if that is so, the cases decided under former statutes become authority for construing the present statute. In Hess v. Reynolds, 113 U. S. 73, 5 Sup. Ct. 377, 28 L. Ed. 927, Justice Miller reviewed the question, both as an original proposition and from the authorities, of whether a proceeding to establish a claim against a decedent's estate was removable. The court held (1884) the case was removable, Justice Gray alone dissenting. Justice Miller reviewed the entire matter. He conceded that to the state laws must we look as to all matters of inheritance, descent, wills and the probating thereof, the payment of the debts of deceased, and so on. There was no provision then or now for filing a claim elsewhere than with the executor, and that within a fixed

time. But, when filed, and if resisted, it became a controversy in the nature of a civil action. To the same effect is C... v. Bever, 139 U. S. 96, 11 Sup. Ct. 468, 35 L. Ed. 88, which is a ... case; and the same holdings have been made in proceedings ... condemnation to take private property for a public use. Pacific ... Removal Cases, 115 U. S. ..., 5 Sup. Ct. 1113, 29 L. Ed. 319; S... School District, 124 U. S. 1..., ... Sup. Ct. 160, 31 L. Ed. 415.

I do not care to pursue this matter further. While the matter is not discussed, I do not see why the circuit court of appeals for this circuit has not decided the question under the statute now in force. In Colorado E. Ry. Co. v. Union Pac. Ry. Co., 36 C. C. A. 263, 94 Fed. 312, Judge Caldwell says:

"The contention that a proceeding for condemnation is not a suit is fully disposed of by the decision in Railroad Co. v. Patterson, 98 U.S. 403, 25 L. Ed. 206, where it is held that it is a suit, and is removable to the federal courts, when the necessary diverse citizenship exists, or, as in the case at bar, one of the parties is a federal corporation."

And why not? The case is not tried by the sheriff or the six commissioners. I doubt whether they could hear evidence. At all events, they need not. They view the premises. The parties meet with them. They look at the land, and possibly measure it, and the parties present their views. Then the damages are awarded. Then the case is appealed to the district court, and for the first time each party has a right of trial by jury.

3. It was strongly urged by counsel for the landowners that this was a kind of special proceeding, and one that could not have been brought in this court originally, and therefore cannot be removed here from the state court. It makes no difference what the case is called. The question is, what is the case? And this is for the federal courts to answer; and those courts have held—and, I believe, without exception—that it is a controversy in the nature of a civil action at law. That the taking of private property for public use is an act of sovereignty is conceded. It is one of the powers of the state legislature, and a power that body would have regardless of a constitution. The constitution does not confer any power in this respect. On the contrary, it limits the power in three particulars: First, it must be paid for, or secured; second, the damages must be fixed in a trial by a jury; third, in estimating the damages, benefits shall not be deducted. With these limitations in view, the Iowa legislature has said that a railway company may exercise the right of eminent domain. Then it has undertaken to say what procedure shall be, and in what courts. But in adopting the procedure and in naming the courts it cannot control a United States court, acting under an act of congress; and in no law in force in Iowa to-day has this been attempted. The Iowa statutes provide that a railway may appropriate a right of way. It must first pay or secure the damages. It has paid, or should if it has not, the amount fixed by the commissioners. That done, it has the right to enter upon and occupy the strip of land. Until that sum is increased by another tribunal having jurisdiction, such occupancy is good. When increased, such additional money must be paid. If it is decreased, such decrease is withdrawn. Therefore the only contro-

versy is as to damages, and, there being a controversy on that question, and such controversy being between citizens of Iowa and Pennsylvania on one s      as plaintiffs, and the company, which is a defendant, and citiz,    of Illinois, on the other side, and the amount in controversy exceeding the requisite sum, the case was removed from the state court to this court; and the removal was effected and was complete when the petition and bond was filed. Nothing further was to be done, excepting to timely file in this court, and that was done.

The motion to remand is overruled. I have already considered all the pleas in abatement excepting those numbered 1 and 2. Those set forth that all the proceedings are without authority, for that the company has one right of way across the lands, which it has occupied for more than 30 years, and that no authority to take the strip in question has been given by the district court of Marshall county, Iowa. All the pleas on file are to the jurisdiction of this court as distinguished from the state court, where the plaintiffs lodged the case. They raise no issue triable now. The demurrer to all the pleas is sustained. Whether the company had the right to appropriate the strip of ground by the exercise of the right of eminent domain, or whether that question can be revised in this case, or whether it must be by proceedings in equity, or whether plaintiffs can urge that question at all, or whether plaintiffs have waived the question by appealing to the state district court, are all questions I do not now pass upon. They are not now before the court.