MOELLER v. SOUTHERN PAC. CO. et al.

(District Court, N. D. California, First Division.   November 3, 1913.)

No. 15,703.

REMOVAL OF CAUSES (§ 39*)—DIVERSE CITIZENSHIP—DISMISSAL AS TO ONE OR MORE PARTIES.

Where, in an action in a state court by a citizen and resident of the state, a nonsuit was granted at the close of plaintiff's preliminary case as to the resident defendants without plaintiff's consent, though he refrained from opposing the motion for a nonsuit, the nonresident defendant could not remove the cause to the United States District Court on the ground of diversity of citizenship; the fact that plaintiff refrained from opposing the motion not being equivalent to a voluntary dismissal by him as to the resident defendants.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 73; Dec. Dig. § 39.*]

At Law. Action by Clarence Moeller, a minor, against the Southern Pacific Company and others. On motion to remand to the state court. Motion granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

W. A. Anderson, of Woodland, Cal., Black & Clark, of San Francisco, Cal., and J. A. Elston, of Berkeley, Cal., for plaintiff.

A. C. Huston, of Woodland, Cal., and Foshay Walker and Frank McGowan, both of San Francisco, Cal., for defendant Southern Pacific Co.

VAN FLEET, District Judge. This action was commenced against the defendant Southern Pacific Company joined with two of its employés and two defendants sued by fictitious names. Before the trial, upon motion of the plaintiff, the action was dismissed as to the two fictitious defendants; and at the trial, upon plaintiff's resting its preliminary case, the court, upon motion of the defendants, granted a nonsuit as to the two defendant employés for want of evidence to go to the jury as to them; the plaintiff stating that, while he should not oppose the motion, he would not consent thereto. Thereupon the defendant company, being a Kentucky corporation, and the plaintiff a citizen and resident of the state of California, filed a petition and bond, upon due notice, for the removal of the cause to this court upon the ground of diversity of citizenship; and the cause was so removed. The plaintiff has now moved to remand the cause to the state court upon the ground that it does not present a case properly removable to this court upon the ground stated.

Upon the facts, the case is not to be distinguished from that of Whitcomb v. Smithson, 175 U. S. 635, 20 Sup. Ct. 248, 44 L. Ed. 303, held not to be a removable cause.

The facts do not bring the case within the principles of Powers v. Chesapeake & Ohio Ry. Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673. They do not disclose, as in that case, a voluntary discontinuance by the plaintiff as to the resident defendants. The fact that plaintiff refrained from opposing the motion for nonsuit is not the equivalent of a voluntary dismissal by him as to the two defendants submitting the motion, since it may well be that previous rulings of the court during the trial had made it impossible for plaintiff to make out a case as against those defendants. As to this, of course, the record here is silent. But, however that may be, the record does disclose that plaintiff refused his consent that the two defendants be dismissed from the case, and, this being so, he cannot be regarded as voluntarily abandoning the right to have the case proceed upon the theory upon which it was begun. As said in Whitcomb v. Smithson with reference to the order granting the nonsuit in that case:

"This was a ruling on the merits, and not a ruling on the question of jurisdiction. It was adverse to plaintiff, and without his assent, and the trial court rightly held that it did not operate to make the cause then removable and thereby to enable the other defendants to prevent plaintiff from taking a verdict against them. The right to remove was not contingent on the aspect the case may have assumed on the facts developing on the merits of the issues tried."

The motion to remand must be granted, and it is so ordered.