## BRADLEY v. HALLIBURTON OIL WELL CEMENTING CO. et al.

### Civ. No. 2957.

United States District Court
E. D. Oklahoma.
Sept. 27, 1951.

Lawrence H. Green, Ada, Okl., Dudley, Duvall & Dudley, Oklahoma City, Okl., and Bishop & Driscoll, Seminole, Okl., for plaintiff.

Pierce, Rucker, Mock, Tabor & Duncan, Oklahoma City, Okl., and Robert O. Brown, Duncan, Okl., for defendants.

WALLACE, District Judge.

On December 5, 1950, the plaintiff, Daphna Francis Bradley, commenced a tort action in the Superior Court of Seminole County, Oklahoma, for injuries received in an automobile accident due to the alleged negligence of one K. R. Munger, an employee of the Halliburton Oil Well Cementing Company. Munger and the Halliburton Company were named as joint defendants in the state court petition. Said petition in the state court in addition to other things also stated: that plaintiff is a citizen and resident of the State of Oklahoma; that the defendant Munger is a citizen and resident of the State of Oklahoma; and that the defendant Halliburton Company is a citizen of the State of Delaware being a corporation organized and existing under the laws of Delaware and having been licensed to do business in the State of Oklahoma.

On February 15, 1951, the defendant Munger died and an administrator, a citizen of the State of Nebraska, was appointed on March 5, 1951. Two days later, March 7, 1951, the Halliburton Company filed its petition for removal setting out the death of the resident defendant Munger and alleging that the controversy is now one solely between citizens of different states and involves more than $3,000.00, exclusive of interest and costs. Subsequent to the filing of the petition for removal, notice and bond for removal were filed, interrogatories were propounded by both plaintiff and defendant pursuant to Rule 33 of the Federal Rules of Civil Procedure, 28

U.S.C., and finally plaintiff filed a motion suggesting lack of jurisdiction of the federal district court and seeking remand to the state court.

The issue presented by the removal proceeding and motion to remand is one concerning the question of jurisdiction of the federal court. It must be decided upon consideration of the removal statutes contained in Title 28 of the United States Code as amended in October, 1949. Although the present removal statutes govern this case, it will be an aid to refer to some of the early cases decided under prior removal statutes in order to get an insight into the fundamental principles and development of this phase of American jurisprudence.

▉ It is elementary that Federal Judicial Power has its origin in the United States Constitution. It is also well settled by abundant authority that the right of removal and jurisdiction of federal courts in removal cases exists only where Congress has so designated it, or concisely stated, "The right of removal is entirely statutory." Gaines v. Fuentes, 92 U.S. 10, 23 L.Ed. 524. See annotations, 28 U.S.C.A. § 1441, note 11.

▉▉ It has undoubtedly been the policy through the years to restrict federal jurisdiction. This is born out by legislation increasing the value or sum necessarily involved in the controversy, the making of certain types of actions nonremovable and judicial construction of removal statutes. Ex parte Wisner, 203 U.S. 449, 27 S.Ct. 150, 51 L.Ed. 264; Missouri Pacific R. Co. v. Fitzgerald, 160 U.S. 556, 16 S.Ct. 389, 40 L.Ed. 536; Ransom v. Sipple Truck Lines, Inc., D.C., 52 F.Supp. 521; Cochran v. Montgomery County, 199 U.S. 260, 26 S.Ct. 58, 50 L.Ed. 182. However, assuming the intention of Congress has been to restrict jurisdiction of the federal courts, one cannot ignore the express language of the statutes. Jackson & Sharp Co. v. Pearson, C.C., 60 F. 113. It has also been held that the intention of Congress to deprive a litigant of the right to remove a case otherwise removable should be clearly expressed by appropriate language. Young & Jones v. Hiawatha Gin & Mfg. Co., D.C.,

17 F.2d 193; Owens v. Greenville News-Piedmont, D.C., 43 F.Supp. 785.

As seen by the above cases there was a tendency, within certain limits, to restrict the jurisdiction of federal courts in removal cases. Notwithstanding this, removal cases still presented a perplexing problem. This is quite aptly shown in the early case of Hagerla v. Mississippi River Power Co., D.C., 202 F. 771, 773, where it was stated by Judge Smith McPherson:

"That there is no other phase of American jurisprudence with so many refinements and subleties, as relate to removal proceedings, is known by all who have to deal with them.

"Those who doubt this statement should but read my opinion in Kirby v. [Chicago & N. W.] Railroad [Co.], C. C., 106 F. 551, followed on the same record in Myers v. [Chicago & N. W.] Railroad [Co.], 118 Iowa 312, 91 N.W. 1076, citing my decision with approval. Then there is my decision in the Boynton Case, in which I reversed my own decision in the Kirby Case, and then the affirmation of my Boynton decision [Mason City & Fort Dodge R. Co. v. Boynton] (204 U.S. 571, 27 S.Ct. 321, 51 L.Ed. 629). Then turn to the Wisner Case, [Ex parte Wisner] 203 U.S. 449, 27 S.Ct. 150, 51 L.Ed. 264, followed by the criticism and partial overruling In re Moore, 209 U.S. 490, 28 S.Ct. 585, 706, 52 L.Ed. 904, 14 Ann.Cas. 1164, and In re Winn, 213 U.S. 458, 29 S.Ct. 515, 53 L.Ed. 873, and then see Ex parte Harding, 219 U.S. 363, 31 S.Ct. 324, 55 L.Ed. 252, 37 L.R.A.,N.S., 392, overruling the Wisner and Winn cases.

"I call attention to those cases not by way of criticism, but to show the late decisions, and to show the vexing questions judges on the circuit have had to consider."

Jurisdiction in removal proceedings continued to pose many intricate problems. As a result, a rule has been applied in the majority of the federal courts to the effect that where jurisdiction of the federal court is doubtful the case should be remanded to the state court where jurisdiction is unquestioned. Eddy v. Chicago & N. W. Ry. Co., D.C., 226 F. 120; Sullivan v. Lloyd, D.C., 213 F. 275; Siler v. Morgan Motor Co., D.C., 15 F.Supp. 468; Reeves v. American

Brake Shoe Co., D.C., 74 F.Supp. 897. There is without doubt merit to the rule; however, there is some authority to the contrary. Strother v. Union Pac. R. Co., D.C., 220 F. 731; McLaughlin v. Western Union Telegraph Co., D.C., 7 F.2d 177; and as stated in Kline v. Murray, D.C., 7 F.2d 404, 406: "Federal jurisdiction, removal, and remand often are questions of difficulty. That to remand is safer than to retain has not contributed to a settled and consistent course of precedent. Too often has overcaution ceded jurisdiction which ought to be jealously maintained— within valid statutory limits. That much is due, not only to litigants, but also to the co-ordinate and equal judicial branch of government, to people, and government as a whole."

■ Since there is no means for reviewing an order remanding a case to a state court, Pacific Live Stock Co. v. Lewis, 241 U.S. 440, 36 S.Ct. 637, 60 L.Ed. 1084, careful consideration should be given to any removed case for if erroneously remanded the petitioner is without remedy. Boatmen's Bank of St. Louis, Mo. v. Fritzlen, 8 Cir., 135 F. 650; Niccum v. Northern Assur. Co., D.C., 17 F.2d 160; McLaughlin v. Western Union Telegraph Co., supra.

In the foregoing discussion I have endeavored to cover briefly a few of the principles applicable to removal cases. Of necessity many of the cases cited are early ones and do not solely govern the present case, but many of the general principles enunciated still remain applicable. Two other cases which arose before the enactment of the present judicial code and which have been carefully considered for any light they might shed on this particular proceeding are Halsey v. Minnesota-South Carolina Land & Timber Co., D.C., 54 F.2d 933 and Savell v. Southern Ry. Co., 5 Cir., 93 F.2d 377, 114 A.L.R. 1261. In the former case there was a situation somewhat paralleling the factual situation in the present case; however, the resident defendant who would correspond to the defendant Munger in this case did not die until after the case was tried and an appeal entered. The federal court held there was no jurisdiction and remanded the case to the state court, but it was a proper case for remand since the nonresident defendant invoked the jurisdiction of the state court by a motion for rehearing long after the death of the resident defendant and before the petition for removal was filed. In the latter case an action was begun against two defendants, one a resident of the same state as the plaintiff and the other a nonresident. The resident defendant died before the trial and when the case was called for trial, plaintiff suggested the death of the defendant. There was no voluntary dismissal, but plaintiff did choose to proceed against the remaining defendant. Upon petition for removal the federal court took jurisdiction of the case. It should be noted here that the primary question involved in this latter case concerned a different issue, but the federal court did take jurisdiction under the circumstances.

■ Let us review the facts in the case presently under consideration. Defendants Munger and the Halliburton Company were correctly joined in the state court action as principal and agent and there being no diversity of citizenship between the plaintiff and the defendant Munger, the case was clearly not removable at the time the action was commenced. Shortly after the commencement of the suit defendant Munger died. True, the action is one which could be revived against the administrator of the estate of the deceased as provided for by the Oklahoma Statutes, but no proceedings have been undertaken to do so. This leaves the status of the case at the time of removal a controversy wholly between the plaintiff, a citizen of the State of Oklahoma, and the defendant Halliburton Company, a citizen of the State of Delaware. Although the name of K. R. Munger remains upon the original petition filed in the state court, his death automatically removed him as a party to the suit. The title prefixed to the original petition does not determine the parties to the suit, State of Ohio ex rel. Seney v. Swift & Co., 6 Cir., 270 F. 141, and the right of removal depends upon the case disclosed by the record when the petition for removal is filed, Salem Trust

Co. v. Manufacturers Finance Co., 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628.

There are three federal statutes in Title 28 U.S.C. which are applicable to this removal proceeding. 28 U.S.C. § 1332(a) provides for original jurisdiction of federal district courts; § 1441(b) provides for removal in cases of which the district courts have original jurisdiction; and § 1446(b) governs procedure for removal. Prior to the 1949 amendment to § 1446(b) which added the paragraph:

"(b) * * *

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

there was no mention or provision for removal where cases at first non-removable later became so. However, through judicial interpretation, the time for filing the petition for removal, which is also contained in § 1446(b), was held to be merely modal or formal and that where a plaintiff had voluntarily dismissed the action against the resident defendant, leaving the case for the first time a controversy wholly between the plaintiff and the nonresident defendant, removal proceedings were proper. American Car & Foundry Co. v. Kettlehake, 236 U.S. 311, 35 S.Ct. 355, 59 L.Ed. 594. At the same time it became firmly established that where the dismissal or discontinuance of the action against the resident defendant was due to some action of the court, the nonresident defendant could not then remove the case for the court and not the plaintiff was instrumental in the change of circumstances. American Car & Foundry Co. v. Kettlehake, supra; Moeller v. Southern Pac. Co., D.C., 211 F. 239; Higgins v. Yellow Cab Co., D.C., 68 F.Supp. 453.

With the prior removal statutes and cases on removal before them, a thorough study was undertaken by a large group of very able jurists and other highly trained men in the legal profession. As a result of that study certain changes were proposed in the Federal Rules of Civil Procedure and Judicial Code. These changes were incorporated into the new Judicial Code and enacted into law by the Congress of the United States. One of the changes, and a very important one for consideration in this cause, was the added paragraph to 28 U.S.C. § 1446(b) as set out above. There must have been a plausible reason for this particular addition. The statute clearly contemplates in plain and unambiguous language a change in circumstances which makes a case, non-removable when filed, one which is now or has become removable. Since it has apparently been the policy to restrict federal jurisdiction, it would be expanding beyond all reasonable interpretation to say that a party defendant to a suit could, by some action on his part, make the case removable by changing his citizenship to a different state after proceedings were begun in a state court or other active steps by the defendant to change the circumstances or status of the case or parties. But such is not the situation here.

It has been repeatedly held that there must be diversity of citizenship at the time of filing of the original petition and at the time of filing the petition for removal. This is generally true, but may be somewhat misleading, for what is obviously meant is that there must have been and must now be diversity of citizenship between the parties presently before the court. Here there was diversity of citizenship as between the plaintiff and the Halliburton Company at the outset of the action, and this diversity has remained unchanged and is also present at this stage of the proceedings. It cannot be denied that plaintiff did not voluntarily dismiss the suit against the resident defendant Munger, but it is just as clear that neither the state court nor either of the defendants took any active steps to remove Munger as a party to the suit. This is a situation brought about by an act of God and is not attributable to any action by the parties nor of the state court. Munger is deceased —he is no longer a party to the suit. The mere fact that the suit may be revived

against the administrator of Munger's estate does not reinstate him as a party. Too, the jurisdiction of the federal court is to be determined at the time of the petition for removal and after jurisdiction is once acquired it is not forfeited by a subsequent change of parties. The case is clearly one which was not removable when filed but which has become removable by a change in parties. The controversy as it now stands, and I reiterate without any change brought about by the action of any of the parties nor of the state court, is one solely between the plaintiff and a nonresident defendant.

Plaintiff could have instituted suit against the Halliburton Company alone and the case would have been removable at that time. This test for jurisdiction has sometimes been applied. Metcalf v. City of Watertown, 128 U.S. 586, 9 S.Ct. 173, 32 L.Ed. 543. All of the requirements for removal are present without stretching or expanding in any manner the present statutes. There is a controversy wholly between citizens of different states with an amount of more than $3,000.00, exclusive of interest and costs, involved. The case is one which has become removable.

The very purpose behind removal statutes in giving federal courts jurisdiction of controversies between citizens of different states or between a state and an alien was to secure a tribunal presumably more impartial than a court of the state where one of the parties resides. Hall v. Great Northern Ry. Co., D.C., 197 F. 488; Wheatley v. Martin, D.C., 62 F.Supp. 109. This same purpose is equally germane today. Although the former decisions are helpful in determining the final outcome of this motion to remand, the present statutes necessarily must govern. To deprive the defendant Halliburton Company of the right to remove to the federal district court merely because in the first instance a resident defendant was a party to the suit would do violence to the very heart and purpose of the removal statutes pertaining to controversies between citizens of different states.

After careful consideration of the cases, history of removal statutes and argument of counsel, along with the plain language of the present removal statutes including particularly the second paragraph of Title 28 U.S.C. § 1446(b), I have arrived at the conclusion that this court does have jurisdiction and the case was properly removed. Therefore said motion to remand is hereby overruled.